ELLEN SULLIVAN *vs.* CITY OF FALL RIVER.

Bristol.    October 22. — November 18, 1878.

An action for an injury occasioned to the plaintiff by a defect in a highway, before the St. of 1877, c. 234, repealing the Gen. Sts. c. 44, §§ 1, 22, took effect, and brought in the Superior Court after the passage of that statute, may be removed by affidavit of the defendant to this court, under the Gen. Sts. c. 114, § 8.

TORT for personal injuries occasioned to the plaintiff on March 15, 1877, by reason of an alleged defect in a highway in Fall River, which the defendant was bound to keep in repair. The writ was dated August 11, 1877, and was returnable to the Superior Court at September term 1877, the *ad damnum* being $20,000. At that term it was removed to this court, on an affidavit of the defendant, under the Gen. Sts. c. 114, § 8.

At the trial, a question was raised as to the right of removal, and as to the jurisdiction of this court; and *Soule,* J., reserved the case for the determination of the full court. If the action was rightfully removed, the case was to stand for trial; otherwise, it was to be remitted to the Superior Court.

*G. Marston*, for the plaintiff.

*J. M. Morton, Jr. & M. Reed*, for the defendant.

GRAY, C. J. The St. of 1877, *c.* 234, (which took effect after the injury sued for, and before this action was brought,) amends the law relating to the liability of towns and cities for damages from defects in highways, in several particulars: It limits the liability to cases in which the defect might have been remedied or the injury prevented by reasonable care and diligence on the part of the town. § 2. It requires that the town should have had reasonable notice of the defect, or might, by the exercise of proper care and diligence on its part, have had such notice. § 2. Any person injured is required to give the town notice of the injury within thirty days thereafter, or, in case of impossibility of doing so, from physical or mental incapacity, then within ten days after the incapacity is removed. §§ 3, 4. The action must be brought within two years after the injury. § 3. It must be brought in the Superior Court. § 3. The amount which may be recovered for damages is limited to four thousand dollars. § 3. The action (unless against the city of Boston, or a town in the county of Nantucket or of Dukes County) must be brought in the county in which the town is situated. § 5. And by § 6 of this statute, the Gen. Sts. *c.* 44, §§ 1, 22, (which made towns liable in damages, without limitation of amount, for all defects in highways of which they had reasonable notice, or which had existed for twenty-four hours before the injury,) are repealed; " but this repeal shall not affect any action or cause of action now pending."

Although the repeal in terms relates only to the former statutes which imposed the liability, and not to those which regulated the jurisdiction of courts, and the saving clause merely declares that " this repeal " shall not affect " any action or cause of action now pending," it is evident that the saving clause is meant to cover all causes of action existing, as well as all actions pending, when this statute took effect; and, as the remedy given by § 3 of the St. of 1877, by action in the Superior Court after thirty days' notice, is only to enforce the limited liability imposed by this statute for injuries occurring after it took effect, the remedy for past injuries must be pursued according to the previous statutes. To hold otherwise would, by cutting off all

remedy for causes of action existing but not in suit when the statute took effect, defeat in great part the manifest intent of the saving clause. *Sawyer* v. *Northfield,* 7 Cush. 490.

By the previous statutes, civil actions in which the damages demanded exceeded in amount $4000 if brought in the county of Suffolk, or $1000 if brought in any other county, might be originally brought either in this court or in the Superior Court, and, if brought in the Superior Court, might be removed, by consent of parties before trial, or upon affidavit of the defendant at the first term, to this court. Gen. Sts. *c.* 112, § 6 ; *c.* 114, §§ 4, 7, 8. The object of these statutes was to allow either party to bring into this court for trial any case which was within the concurrent jurisdiction of this court and of the Superior Court, giving the plaintiff the election to do so in the first instance, but, if he did not exercise it, conferring upon the defendant an equal right. *Humphrey* v. *Berkshire Woollen Co.* 10 Allen, 420.

The legal effect of the St. of 1877, and, it must be presumed, the intention of the Legislature, were that actions for causes already accrued, to enforce the liability, unlimited in amount, under the Gen. Sts. *c.* 44, §§ 1, 22, might still be brought by either party into this court for trial, according to the statutes which regulated the jurisdiction of such actions ; but that actions to enforce the qualified liability imposed by the St. of 1877, and in which no greater amount of damages could be recovered than is in the county of Suffolk within the exclusive jurisdiction of the Superior Court, should throughout the Commonwealth be brought and tried exclusively in that court, in which, from the greater frequency of the terms, a more speedy trial could be had, and the dockets of this court be thus relieved from the pressure of a large class of cases which often turn on mere questions of fact, and which greatly interfere with the transaction of business that is within the exclusive jurisdiction of this court.

The result is, that the present action, for a cause existing before the St. of 1877 took effect, and in which the plaintiff demands, and, if she proves, may recover damages to the amount of $20,000, might, after the passage of this statute, have been brought by the plaintiff in this court, and, having been brought by her in the Superior Court, was duly removed by the defendant, and must stand for                     *Trial in this court.*