COMMONWEALTH vs. RONALD ANTHONY CASSESSO
(and a companion case[1]).

Suffolk.   May 5, 1975. — June 11, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Capital case, Sentence.

Where a death sentence upon conviction of being an accessory before
the fact to murder in the first degree was constitutionally invalid
under *Furman* v. *Georgia,* 408 U. S. 238 (1972), it was proper to
vacate the death sentence and to impose a sentence to life imprison-
ment; a new trial was not required.   [125-126]

INDICTMENTS found and returned in the Superior Court
on October 25, 1967.

The cases were tried before *Forte,* J., and the defend-
ants were resentenced by *John P. Sullivan,* J., pursuant
to *Furman* v. *Georgia,* 408 U. S. 238 (1972).

*Christopher D. Dye* for the defendants.

*Kathleen M. Curry,* Special Assistant District Attorney,
for the Commonwealth.

WILKINS, J.   The defendants were found guilty of
being accessories before the fact to murder.   The jury did
not recommend that sentences of death be not imposed
(G. L. c. 265, § 2), and the defendants were sentenced to
death as the statute directed.   Their appeals to this court
were unsuccessful, but as an aftermath of *Furman* v.
*Georgia,* 408 U. S. 238 (1972), their sentences were
vacated as to the death penalty by the Supreme Court of
the United States.   See *Commonwealth* v. *French,* 357
Mass. 356 (1970), and *Commonwealth* v. *Cassesso,* 360

---

[1] Commonwealth vs. Peter J. Limone.

Mass. 570 (1971), each vacated as to the death penalty sub nom. *Limone* v. *Massachusetts*, 408 U. S. 936 (1972).

In response to the mandate of the Supreme Court of the United States, this court reversed each judgment in so far as it imposed the death sentence and directed that a sentence of imprisonment for life be imposed for the offense of being an accessory before the fact to murder in the first degree. The proceedings were remanded to the Superior Court, where each defendant accordingly was sentenced to imprisonment for life.

The defendants claimed appeals, challenging the revision of their sentence. They argue that the Superior Court had no authority to revise their sentences, because a sentence of imprisonment for life under G. L. c. 265, § 2, may be imposed only if the jury so recommends, and the jury did not so recommend. They assert that this court must grant them new trials, or, if that contention fails and their cases are subject to G. L. c. 278, § 33E, they request that the court direct the entry of verdicts of a lesser degree of guilt and the imposition of appropriate sentences.

Since the *Furman* decision, we have held consistently that a defendant sentenced to death under G. L. c. 265, § 2, may be resentenced to imprisonment for life. See *Commonwealth* v. *Gilday*, 367 Mass. 474, 485-486 (1975), and the cases there collected. We see no reason to alter this conclusion. With the invalidation of the death penalty in discretionary circumstances, such as exist under the language of G. L. c. 265, § 2, the only remaining relevant permissible penalty is imprisonment for life. We arrive at this conclusion as matter of statutory construction. The jury have no remaining sentencing function. The judge must impose the sentence.

The defendants contend that in ordering the imposition of sentences of imprisonment for life, this court must have purported to act under its powers of review of capital cases appearing in G. L. c. 278, § 33E, and that

we lacked authority to do so under § 33E. They argue that § 33E authorizes this court, in certain circumstances, to order a new trial or the entry of a verdict of a lesser degree of guilt, but not to change a sentence from one form of punishment to another. They further contend that § 33E is inapplicable to their cases, because the crime of being an accessory before the fact to murder in the first degree is not a "capital case" as defined in § 33E. See, however, G. L. c. 274, § 2, directing that an accessory before the fact be indicted, tried and punished as a principal. We need not resolve this issue because our order directing the imposition of life sentences was founded not on § 33E but on our interpretation of G. L. c. 265, § 2, in light of the *Furman* case.

To the extent that the defendants urge, alternatively and for a second time, that we exercise our special power under § 33E to direct the entry of verdicts of a lesser degree of guilt, we respond by adhering to our prior decisions not to do so. See *Commonwealth* v. *French*, 357 Mass. 356, 398 (1970).

*Judgments affirmed.*