COMMONWEALTH *vs.* HARRY AMBERS.

Suffolk.    April 8, 1986. — June 10, 1986.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Capital case, Postconviction relief, Appeal, Instructions to jury, Sentence, Duplicitous punishments. *Homicide. Robbery.*

In response to a question reported by the single justice who had considered a defendant's request for leave to appeal the denial of his motion for postconviction relief in a capital case which had previously received plenary review on direct appeal under G. L. c. 278, § 33E, this court concluded that no new question for appeal was presented by the defendant's claim that the trial judge, in instructing the jury on the concept of reasonable doubt, had improperly drawn an analogy to important decisions in the jurors' personal lives, where the claim had been available to the defendant at the time of his direct appeal in 1976. [707-710]

Where a defendant's conviction of armed robbery did not require proof of any facts apart from those necessary for his conviction of first degree murder under the felony-murder theory, his consecutive sentence on the conviction of armed robbery was to be vacated and a new sentence was to be imposed, running concurrently with his sentence on the murder conviction. [710]

Following the denial of a defendant's motion for postconviction relief in a capital case which had previously received plenary review by this court on direct appeal under G. L. c. 278, § 33E, issues as to which leave to appeal had not been sought, or had been denied by a single justice, could not properly be argued to this court. [710-711]

INDICTMENTS found and returned in the Superior Court on June 13, 1973.

Following review by this court, 370 Mass. 835 (1976), a motion for postconviction relief, filed on April 2, 1985, was heard by *Thomas E. Dwyer,* J.

A request for leave to appeal was considered by *Wilkins,* J., and a question of law was reported by him.

*John P. Osler* for the defendant.

*Daniel P. Napolitano,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. In 1973, the defendant was convicted of murder in the first degree and armed robbery following a jury trial in Superior Court. In 1976, we affirmed his convictions, after reviewing the whole case on both the law and the evidence, pursuant to our duty under G. L. c. 278, § 33E (1984 ed.). For a summary of the evidence presented at trial, and the issues raised on appeal, see *Commonwealth* v. *Ambers,* 370 Mass. 835, 836-837 (1976).

In 1985, the defendant filed a motion for postconviction relief pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). The defendant raised the claims that the trial judge's instruction to the jury relieved the Commonwealth of its burden of proof beyond a reasonable doubt, and that the consecutive sentence for armed robbery was duplicative of the sentence for murder. A Superior Court judge denied without a hearing the defendant's motion for postconviction relief.

The defendant then petitioned a single justice of this court, pursuant to G. L. c. 278, § 33E, for leave to appeal the denial of his postconviction motion. On October 4, 1985, the single justice issued an order and reservation and report, bringing two of the defendant's claims before the full court. First, the single justice reserved and reported the question whether the defendant's claim that the judge used "trivializing language" in his jury instruction was a "new" claim within the meaning of G. L. c. 278, § 33E. The single justice made it clear that in his view the full court should reach the merits of the claim only if it concluded that it was "new." The single justice also ruled that certain other challenges by the defendant to the jury instruction were not "new," and therefore denied leave to appeal those issues, except as they might bear on the impact of the jury charge in its entirety. Second, the single justice allowed an appeal to the full court on the defendant's challenge to his consecutive sentence for the armed robbery conviction. Finally, the defendant raised an additional claim that the application of statutory and common law principles relating to felony-murder illegally enhanced the crime of which he was convicted from murder in the second degree to murder in the first degree, which in turn resulted in an illegal enhancement of the sentence

imposed. The single justice ruled that this claim was not new, and therefore denied leave to appeal this issue.

1. First, we address the question reported by the single justice, whether the defendant's claim that the trial judge used "trivializing" language in his jury instruction[1] is a "new" question for which an appeal should be allowed. Under G. L. c. 278, § 33E, no appeal shall lie from the denial of a postconviction motion "unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court." The defendant argues that a "new" question for the purpose of this provision is one that previously had not been argued or addressed. The defendant did not object to the allegedly "trivializing" language of the instruction, either at the time of his trial, or on direct appeal. We did not address this issue in our plenary review of his conviction. See *Commonwealth* v. *Ambers,* 370 Mass. 835, 838 (1976). The defendant argues that, because he is raising the issue for the first time in his postconviction motion, it is a "new" question within the meaning of G. L. c. 278, § 33E. We disagree.

An issue is not "new" within the meaning of G. L. c. 278, § 33E, where either it has already been addressed, or where it could have been addressed had the defendant properly raised it at trial or on direct review. "The statute requires that the defendant present all his claims of error at the earliest possible time, and failure to do so precludes relief on all grounds generally known and available at the time of trial or appeal." *Commonwealth* v. *Pisa,* 384 Mass. 362, 365-366 (1981), and cases cited.[2] See *Commonwealth* v. *Gricus,* 317 Mass. 403,

---

[1] In discussing the Commonwealth's burden of proof, the judge equated proof beyond a reasonable doubt with the degree of certainty with which people make important decisions in their personal lives, such as the decision to undergo "open heart surgery" with a "fifty-fifty chance of survival."

[2] In *Pisa,* we analogized the "newness" requirement of G. L. c. 278, § 33E, to the standard under which a trial judge will consider claims raised in a motion for postconviction relief under Mass. R. Crim. P. 30, 378 Mass. 901 (1979), citing "our 'unbroken practice' of not allowing a motion for new trial to be used as 'a vehicle to compel a trial judge to review and

405 (1944) ("Even in a capital case, a party may not bring up by exceptions to the denial of a motion for a new trial a question of law that he raised or could have raised at trial"). A claim will not be considered "new" within the meaning of G. L. c. 278, § 33E, where the grounds advanced for it were available to the defendant at the time of his trial or direct appeal. *Pisa, supra* at 367. See *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 126 (1984). Cf. *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 248 (1980) (unavailability of constitutional claim at time of trial excuses failure to raise claim in ordinary course). We thus must examine our case law to determine if the theory on which the defendant's argument is based was sufficiently developed at the time of his trial or appeal so that his claim reasonably could have been raised during those proceedings.

We first reversed a conviction on the ground that the trial judge's instruction to the jury "trivialized" the Commonwealth's burden of proof in *Commonwealth* v. *Ferreira,* 373 Mass. 116 (1977). We held that the judge's analogy to important social and economic decisions in the everyday lives of the jurors tended to understate and trivialize the Commonwealth's burden of proof beyond a reasonable doubt. *Id.* at 128-129. In *Ferreira,* we traced our criticism of this method of jury instruction to our decision in *Commonwealth* v. *Bumpus,* 362 Mass. 672 (1972), judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974), reviewed on petition for writ of habeas corpus sub nom. *Bumpus* v. *Gunter,* 452 F. Supp. 1060 (D. Mass. 1978), denial of writ aff'd, 635 F.2d 907 (1st Cir. 1980), cert. denied, 450 U.S. 1003 (1981). In *Bumpus,* we noted that "[t]he inherent difficulty in using such examples is that, while they may assist in explaining the seriousness of the decision before the jury, they may not be illustrative of the degree of certainty required." *Id.* at 682. Subsequent decisions of this court reversing criminal

---

reconsider questions of law . . . which could have been raised at trial and in appellate review after trial but which were not so raised.'" *Pisa, supra* at 366, quoting *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973).

convictions on the basis of such "trivializing" examples[3] have also traced the genesis of this doctrine to our decision in *Bumpus*. See *Commonwealth* v. *Kelleher,* 395 Mass. 821, 825 (1985) (the defendant's challenge to the jury charge "is founded on principles first enunciated . . . in *Commonwealth* v. *Bumpus"*); *Commonwealth* v. *Rembiszewski, supra* at 128 ("Our first criticism of the practice was expressed in *Bumpus"*). The defendant in this case was tried in December, 1973, after our decision in *Bumpus.* His direct appeal was argued before this court on April 6, 1976, after our decision in *Commonwealth* v. *Ferguson,* 365 Mass. 1, 12 (1974) (where we noted that judge's analogy to important decisions in the jurors' personal lives was "not entirely apt," and was "best discontinued"). Having had the benefit of both of these decisions, the defendant could reasonably have been expected to object to the judge's instruction either at trial or on direct appeal.[4] The "trivializing

---

[3] We have never held, nor do we hold now, that a judge's reference to important decisions in the personal lives of jurors necessarily constitutes error, constitutional or otherwise. *Commonwealth* v. *Smith,* 381 Mass. 141, 144-145 (1980). See *Commonwealth* v. *Hughes,* 380 Mass. 596, 598-601 (1980). In some instances such instructions may so inadequately convey to the jury the concept of reasonable doubt as to amount to a denial of due process. See *Commonwealth* v. *Kelleher,* 395 Mass. 821, 825 (1985), citing *Rembiszewski, supra* at 128-130. See also *In re Winship,* 397 U.S. 358 (1970). However, we continue to adhere to the view that a jury instruction must be considered in its entirety to assess the impression which it may have left with the jurors. *Commonwealth* v. *Garcia,* 379 Mass. 422, 441 n.12 (1980). See *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 690-691 (1976).

[4] The defendant argues that the constitutional significance of his argument was not apparent until our decision in *Commonwealth* v. *Garcia,* 379 Mass. 422 (1980), which was announced after his trial and direct appeal. Even assuming that our disapproval of specific analogies to the personal decisions of jurors achieved constitutional status in 1980, see n.3, *supra,* this result was foreshadowed in 1972.

We make no distinction under G. L. c. 278, § 33E, between constitutional and nonconstitutional claims for the purpose of determining whether they are "new" within the meaning of that statute. The relevant inquiry is whether the legal basis for the defendant's argument was *sufficiently developed* at the time of his trial or direct appeal so that he could reasonably be expected to have raised it at that time. This court's disapproval of "trivializing" examples — even if it rested solely on common law principles — was first enunciated in 1972.

instruction" argument was available to him at those junctures in the case, and therefore cannot now be considered "new" within the meaning of G. L. c. 278, § 33E. We answer the question reported by the single justice in the negative, and therefore do not reach the merits of the defendant's challenge to the jury instructions.

2. The single justice allowed the defendant leave to appeal his claim regarding the duplicative nature of his sentence for armed robbery. The defendant was sentenced to thirty-five to forty years' incarceration for his armed robbery conviction, to be served from and after his life sentence for murder. The defendant argues that this consecutive sentence should be vacated, because proof of the armed robbery did not require proof of any facts apart from those necessary to convict him of first degree (felony) murder. *Commonwealth* v. *Stewart,* 375 Mass. 380, 392-393 (1978). The Commonwealth correctly concedes that this result is mandated by our decision in *Commonwealth* v. *Wilson,* 381 Mass. 90, 125 (1980), and, accordingly, we shall order, *infra,* that the sentences for murder and armed robbery are to run concurrently.

3. The defendant attempts to argue before us that his sentence for murder in the first degree was an illegal enhancement of his conviction for armed robbery. The single justice expressly ruled that this claim was not "new,"[5] and therefore denied the defendant leave to appeal the issue to the full court.[6] A single

---

[5] The single justice noted in his order that this issue also "seems insubstantial, but I need not so decide."

[6] The defendant cites *Gallinaro* v. *Commonwealth,* 362 Mass. 728, 734-735 (1973), for the proposition that a challenge to an illegal sentence may be raised at any time, without leave of a single justice. In *Gallinaro,* we allowed the defendants to raise a double jeopardy challenge to their multiple punishments for the same offense by writ of error, despite the fact that the defendants had failed to raise this issue on direct appeal.

*Gallinaro* did not involve a capital offense subject to the provisions of G. L. c. 278, § 33E. By its express terms, the statute prohibits an appeal from "any motion" filed in Superior Court after rescript, unless such appeal is allowed by a single justice. This includes postconviction motions challenging the legality of the defendant's sentence. In *Dickerson* v. *Attorney Gen.,* 396 Mass. 740, 744 (1986), we commented that this court will already have engaged in a plenary review of capital cases on direct appeal (including the defendant's sentence).

justice's denial of a petition for leave to appeal under G. L. c. 278, § 33E, is final and unreviewable. *Leaster* v. *Commonwealth,* 385 Mass. 547 (1982). See *Dickerson* v. *Attorney Gen.,* 396 Mass. 740, 742 (1986).

4. The defendant also argues that he has been deprived of his right to the effective assistance of counsel, due to his trial counsel's failure to object to the judge's allegedly "trivializing" jury instruction. We do not address this claim, as the defendant did not obtain leave to appeal from the single justice as required by G. L. c. 278, § 33E. *Leaster, supra.*

5. The case is remanded to the single justice with instructions that he remand it to the Superior Court, where the sentence on the conviction for armed robbery is to be vacated and a new sentence is to be imposed, to run concurrently with the sentence imposed on the conviction of murder in the first degree. Because we have answered "No" to the question reported by the single justice, the appeal is otherwise dismissed.

*So ordered.*