EDWARD S. LYKUS *vs.* COMMONWEALTH. August 7, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Appeal.

The appellant, who is currently incarcerated at the Bay State Correctional Center, sought relief pursuant to G. L. c. 211, § 3 (1994 ed.), from the denial in the Superior Court of his "motion to correct illegal sentence." A single justice of this court denied relief. This matter is not within S.J.C. Rule 2:21, 421 Mass. 1303 (1995), because the appellant is seeking postconviction relief, not relief from an interlocutory order of a trial court.

The appeal lacks merit in any event. Because the appellant was convicted of a capital offense, and his direct appeal has already been decided by this court, *Commonwealth* v. *Lykus,* 367 Mass. 191 (1975), *S.C.,* 406 Mass. 135 (1989), he may pursue an appeal from the denial of his motion only by leave of a single justice of this court. See G. L. c. 278, § 33E (1994 ed.). See also *Commonwealth* v. *Ambers,* 397 Mass. 705, 710 n.6 (1986). To the extent that the single justice denied relief under G. L. c. 211, § 3, he did not abuse his discretion or commit an error of law. To the extent that he denied leave to appeal under the "gatekeeper" provision of § 33E, that decision is final and unreviewable. *Commonwealth* v. *Ambers, supra* at 710-711. Because the appellant is not entitled to relief there is no reason to consider his petition for habeas corpus ad testificandum.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Edward S. Lykus,* pro se.

*Julia K. Holler,* Assistant District Attorney, for the Commonwealth.

JOSEPH A. MESSERE *vs.* COMMISSIONER OF CORRECTION. August 16, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

This is a purported appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief by a single justice of this court under G. L. c. 211, § 3 (1994 ed.). The plaintiff filed in the Superior Court an "Action in the Nature of Certiorari" and, thereafter, a number of other motions. He now requests that the full court allow his motion for partial summary judgment. He has not demonstrated, as required by rule 2:21 (2), that review on appeal of a ruling in the trial court will not adequately protect his interests.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Joseph A. Messere,* pro se.

*Philip W. Silva* for the defendant.