RICHARD E. VALLIERE *vs.* SUPERINTENDENT OF MASSACHUSETTS CORRECTIONAL INSTITUTIONS. June 23, 1999. *Practice, Criminal,* Sentence. *Habeas Corpus.*

The petitioner appeals from a single justice's denial of his petition for habeas corpus relief. In 1972, a jury convicted the petitioner of two indictments charging murder in the first degree, along with two indictments charging armed robbery. Under the procedure then in place in this Commonwealth, the jury declined to recommend a sentence of life imprisonment for the petitioner, and he was therefore sentenced to death. While his appeal was pending in this court, the United States Supreme Court decided *Furman* v. *Georgia,* 408 U.S. 238 (1972), invalidating the type of procedure under which the petitioner had been sentenced to death. This court affirmed the petitioner's convictions, *Commonwealth* v. *Valliere,* 366 Mass. 479 (1974), but, in light of *Furman,* vacated the death sentences and remanded for resentencing to imprisonment for life.

In 1994, the petitioner filed a pro se motion under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), in the Superior Court, contending that this court had had no authority to resentence him to life imprisonment, because under G. L. c. 265, § 2, as it existed at the time of his conviction, it was the jury, not the court, that had the power to recommend a life sentence in place of execution. A Superior Court judge denied this motion, and the petitioner did not appeal. In 1997, having obtained counsel, he filed the current petition for habeas corpus relief in the county court, relying on the same arguments he had advanced in the earlier rule 30 (a) motion.[1] A single justice denied the petition, and the petitioner appealed.

The single justice denied the petition on the ground that the petitioner's claims were not "based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Averett, petitioner,* 404 Mass. 28, 30 (1989). We agree with this conclusion. The petitioner is now contesting an issue — the imposition of life imprisonment as opposed to a death sentence — that is a matter of sentencing. Moreover, "even if the petitioner were to persuade us of the substantive merit of his claims, he would not be entitled to immediate release, [and therefore] a petition for habeas corpus relief does not lie" (citations omitted). *Stewart, petitioner,* 411 Mass. 566, 569 (1992). The petitioner's convictions of murder in the first degree still stand, and the most he would be entitled to, even if he succeeded on the merits of his petition, would be resentencing, not release.

Furthermore, the petitioner's substantive argument is without merit. He contends that this court had no authority to resentence him to life imprisonment after the Supreme Court of the United States declared the death penalty unconstitutional. At the time of his conviction, G. L. c. 265, § 2, read, in part:

---

[1]The fact that the petitioner's habeas corpus petition raised the same issues he had previously raised in his rule 30 (a) motion — a motion that was denied and from which he did not appeal — might have provided an additional basis for the single justice to deny the petition.

"Whoever is guilty of murder in the first degree shall suffer the punishment of death, unless the jury shall by their verdict, and as a part thereof, upon and after consideration of all the evidence, recommend that the sentence of death be not imposed, in which case he shall be punished by imprisonment in the state prison for life. . . ." The petitioner does not argue that the *Furman* decision invalidated this entire statute; rather, he contends that only a jury had the power to impose a sentence of life imprisonment.

The petitioner is not the only defendant whose death sentence this court vacated and changed to life imprisonment in the wake of the *Furman* decision. See, e.g., *Commonwealth* v. *Harrington*, 367 Mass. 13, 19-20 (1975); *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 235 (1973); *Commonwealth* v. *A Juvenile*, 364 Mass. 103, 108-109 (1973); *Commonwealth* v. *LeBlanc*, 364 Mass. 1, 14-15 (1973). See also *Opinions of the Justices*, 372 Mass. 912, 917-918 (1977). The jury had convicted the petitioner of murder in the first degree, thereby guaranteeing that he would be sentenced to no less than life imprisonment without parole. This court affirmed the conviction on appeal. By changing the death sentence to life imprisonment, this court did not infringe on any rights belonging to the petitioner. In effect, he ended up with the most lenient sentence he could have possibly received, given the convictions of murder in the first degree. The Legislature had already established life imprisonment as the minimum possible sentence for a person convicted of that crime.

The petitioner also argues that his convictions of armed robbery should be vacated as duplicative of his convictions of murder in the first degree, because there is a possibility that the murder convictions were based solely on a felony-murder theory. See *Commonwealth* v. *Payne*, 426 Mass. 692, 702 (1998). However, since the record before us (which does not include the trial verdict slips) does not clearly indicate whether the jury specified a basis for the murder convictions aside from felony-murder, it is impossible to determine whether the petitioner's argument is correct. *Id.* Moreover, because the petitioner's request for habeas corpus relief is not properly before us, we could not vacate his armed robbery sentences in any event. The petitioner may pursue this issue in the Superior Court through a motion under rule 30 (a). He should accompany any such motion with sufficient documentation to enable the court to ascertain what bases for the murder conviction, if any, the jury specified.

The order of the single justice is hereby affirmed.

*So ordered.*

*Jeffrey L. Baler* for the plaintiff.
*William J. Meade*, Assistant Attorney General, for the defendant.