## EDWARD S. LYKUS *vs.* COMMONWEALTH.

Suffolk. May 2, 2000. - July 28, 2000.

Present: ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Practice, Criminal,* Sentence, Postconviction relief, Capital case. *Supreme Judicial Court,* Superintendence of inferior courts. *Waiver. District Attorney.*

The petition of a criminal defendant, who had already had plenary review of his first degree murder conviction under G. L. c. 278, § 33E, to the single justice pursuant to G. L. c. 211, § 3, seeking review of his motion under Mass. R. Crim. P. 30 (a) to correct his sentence, was properly denied, where the defendant had an available legal recourse to petition the single justice for leave to appeal to the full court under G. L. c. 278, § 33E. [161-162]

A criminal defendant's claims regarding his sentences were waived where they could have been raised in earlier postconviction proceedings. [162-163]

A Superior Court judge properly declined to hold a hearing on a criminal defendant's motion to correct his sentence filed under Mass. R. Crim. P. 30 (a), where no substantial issue was raised. [163]

No prejudice was demonstrated in the appointment of special assistant district attorneys to handle postconviction proceedings in a capital case. [164]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 7, 1999.

The case was considered by *Fried,* J.

*Paul F. Walsh, Jr.,* District Attorney, *Philip A. Rollins, & Julia K. Holler,* Special Assistant District Attorneys, for the Commonwealth, submitted a brief.

*Edward S. Lykus,* pro se, submitted a brief.

COWIN, J. This is an appeal from an order of a single justice of this court pursuant to G. L. c. 211, § 3, denying Edward S. Lykus (defendant) relief from a claimed illegally imposed State prison sentence. We provide an abbreviated summary of the lengthy procedural history culminating in this latest appeal by the defendant. In 1973, a jury convicted the defendant of murder in the first degree after being instructed on theories of

premeditation and felony murder. The underlying felony was kidnapping with intent to extort money. The defendant received a life sentence on the murder conviction, a concurrent life sentence on the kidnapping conviction, and a sentence of from ten years to fifteen years on the extortion conviction, to be served on and after the two life sentences. The convictions were affirmed and the defendant was afforded review pursuant to G. L. c. 278, § 33E. *Commonwealth* v. *Lykus*, 367 Mass. 191 (1975) (*Lykus I*).

Since our review of his convictions in *Lykus I*, the defendant has filed several motions seeking a new trial or other postconviction relief. In 1976, the defendant filed his first motion for a new trial, which was denied by the trial judge after a hearing. His appeal of that denial was dismissed by this court in 1982 for lack of prosecution. In 1983, the defendant filed a motion for relief from his sentence pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), which was denied without a hearing.

In 1986, the defendant filed a second motion for a new trial alleging, inter alia, ineffective assistance of counsel during the sentencing hearing. As a result of this motion, we remanded the matter for resentencing. *Commonwealth* v. *Lykus*, 406 Mass. 135, 146 (1989) (*Lykus II*). On remand, a Superior Court judge (not the trial judge) imposed the same sentence originally imposed. In 1995, the defendant filed a second motion for relief pursuant to rule 30 (a) entitled "motion to correct an illegal sentence," which was denied, and a motion to reconsider, which was also denied. The defendant appealed unsuccessfully. *Lykus* v. *Commonwealth*, 423 Mass. 1012 (1996), cert. denied, 519 U.S. 1126 (1997) (*Lykus III*).

The current appeal results from the defendant's third motion, filed in 1998, pursuant to rule 30 (a) to correct his sentence. After this motion and a motion to reconsider were denied by a Superior Court judge, the defendant filed a notice of appeal. The Appeals Court "vacated" the entry of this appeal because the defendant had not complied with G. L. c. 278, § 33E. His petition for relief to the single justice pursuant to G. L. c. 211, § 3, was denied.

1. The defendant's petition to the single justice pursuant to G. L. c. 211, § 3, was properly denied. "Relief under G. L. c. 211, § 3, is not available where the [defendant] has or had adequate and effective remedies other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Lanoue* v. *Com-*

*monwealth*, 427 Mass. 1014, 1015 (1998), quoting *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997). The defendant in this case has another available avenue of relief pursuant to G. L. c. 278, § 33E. A defendant who has been convicted of murder in the first degree is required to follow the specific provisions of § 33E for appealing from a Superior Court judge's denial of a motion seeking postconviction relief. In order to appeal from a Superior Court judge's denial of a postconviction motion to the full court after plenary § 33E review (which the defendant received in *Lykus I*) the defendant is required to petition a single justice for permission to appeal. *Id.* If the single justice, acting as a gatekeeper, determines that the defendant has raised a "new and substantial question," the single justice will allow an appeal of the denial of the postconviction motion to the full court. *Id.* The decision of the single justice pursuant to the gatekeeper provision of § 33E is not appealable to the full court. *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 742 (1986).

The defendant contends that this gatekeeper provision applies only to motions for a new trial pursuant to Mass R. Crim. P. 30 (b), 378 Mass. 900 (1979), and that, because his motion to correct his sentence was pursuant to rule 30 (a), the single justice "has jurisdiction [under G. L. c. 211, § 3,] to correct the illegal sentence." This contention is without merit. The gatekeeper provision of § 33E prevents an appeal of " 'any motion' filed in the Superior Court after § 33E review without the leave of a single justice of this court." *Commonwealth* v. *Davis*, 410 Mass. 680, 683 (1991) (dismissing appeal because leave to appeal denial of motion for costs for scientific testing was not filed with single justice). As the defendant in this case had an available legal recourse to petition the single justice for leave to appeal to the full court under § 33E, his petition to the single justice for relief under G. L. c. 211, § 3, and subsequent appeal to the full court were improper. See *Lanoue* v. *Commonwealth*, *supra* at 1015. The single justice was not required to hold a hearing and the petition was properly denied. See *Taylor* v. *Newton Div. of the Dist. Court Dep't*, 416 Mass. 1006, 1006 (1993), citing S.J.C. Rule 2:11, as appearing in 382 Mass. 748 (1981).

2. Moreover, the defendant's arguments are waived because they could have been raised in earlier postconviction proceedings. He presently claims that the concurrent sentence for

kidnapping was duplicative of his sentence for murder in the first degree; the concurrent sentence for kidnapping violated the prohibition against double jeopardy in the Fifth Amendment to the United States Constitution; and the conviction for extortion merged with the conviction for felony murder. Section 33E "requires that the defendant present all his claims of error at the earliest possible time, and failure to do so precludes relief on all grounds generally known and available." *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981). See Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979). Our decisions in *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995), and *Commonwealth* v. *Berry*, 420 Mass. 95, 113 (1995), which stated that, whenever a jury might have reached a verdict of murder on the basis of a theory of felony murder, a consecutive sentence for the underlying felony is duplicative and cannot be imposed, were released before the defendant filed his motion to reconsider the denial of his 1995 rule 30 (a) motion. This motion failed to raise the duplicative sentence claim. The defendant also could have challenged the constitutionality of his kidnapping sentence and the propriety of his extortion sentence in his earlier postconviction motions. As the defendant failed to raise these claims at the earliest time, they are waived.[1] See *Commonwealth* v. *Pisa*, *supra*. See also *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986); *Commonwealth* v. *Layne*, 386 Mass. 291, 297 (1982).

3. The defendant also contends that he was denied due process by the Superior Court judge's failure to hold a hearing on his rule 30 (a) motion. A "judge may rule on the issue or issues presented by [a postconviction] motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." *Commonwealth* v. *Licata*, 412 Mass. 654, 660 (1992), quoting Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979). We defer to the sound discretion of the judge below whether a motion for postconviction relief requires a hearing. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 110-111 (1989), citing *Commonwealth* v. *Stewart*, 383 Mass. 253, 257 (1981). The Superior Court judge was well within his discretion to deny a hearing because no substantial issue had been raised.

---

[1]The defendant also claims that the extortion conviction merges with the kidnapping conviction. There is no merit to this claim because the victims were different. The defendant kidnapped a thirteen year old boy and extorted money from his father.

4. The defendant, for the first time on appeal, argues that the kidnapping sentence violates his right to equal protection of the laws based on a theory of selective prosecution. As the defendant did not raise this issue before the lower court, or the single justice, it is not properly before us on appeal. See *Commonwealth* v. *Garcia*, 409 Mass. 675, 678 (1991) (issue not raised before trial judge will not be considered for first time on appeal). In any event, this claim is without merit.

5. The defendant also contends that the assistant district attorneys from the Cape and Islands District who opposed his rule 30 (a) motion were without jurisdiction to represent the Commonwealth. The defendant's 1973 trial took place in the Southern District. After the case was decided, the Southern District was divided into the Bristol District and the Cape and Islands District. See St. 1972, c. 744, §§ 1, 5 (taking effect in 1974). Subsequently, the district attorney who prosecuted the case became the district attorney for the Cape and Islands District. The Bristol County district attorney appointed him (and a Cape and Islands assistant district attorney) as special assistant district attorneys because they were already familiar with the case. Assuming, without deciding, that there was anything unlawful about this procedure, which we do not intimate, the defendant has made no showing that he has been prejudiced in any way by the procedure.

*Appeal dismissed.*