JEROME A. NAPOLITANO *vs.* ATTORNEY GENERAL.

Suffolk. June 28, 2000. - August 2, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, & COWIN, JJ.

*Practice, Criminal,* Capital case, Sentence. *Constitutional Law,* Equal protection of laws, Sentence.

A decision of the single justice acting as gatekeeper pursuant to G. L. c. 278, § 33E, is not appealable or subject to collateral attack. [241]

There was no merit to the claims of a prisoner that the single justice's denial of his petition under G. L. c. 278, § 33E, for leave to appeal the denial of his second postrescript motion for a new trial denied him equal protection under the laws [241-242], or that G. L. c. 265, § 2, under which he was sentenced to serve two concurrent life sentences, was unconstitutional [242-243].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 20, 1998.

The case was heard by *Ireland,* J.

*Donald A. Harwood* for the plaintiff.

*William J. Meade,* Assistant Attorney General, for Attorney General.

COWIN, J. Jerome A. Napolitano appeals from a judgment of a single justice of this court denying relief on a complaint for declaratory judgment. Napolitano sought a declaration that a previous ruling by another single justice, denying his G. L. c. 278, § 33E, petition for leave to appeal from the denial of a second postrescript motion for a new trial, was arbitrary and capricious and deprived him of equal protection.[1] Napolitano also sought a declaration that the statute under which he had been sentenced to life imprisonment on convictions of murder

_____

[1]A jury convicted Napolitano on two indictments charging murder in the first degree. The trial judge sentenced Napolitano to two concurrent natural life sentences pursuant to G. L. c. 265, § 2, to be served from and after a sentence of from three to five years that he was already serving for an unrelated conviction. *Commonwealth* v. *Napolitano,* 378 Mass. 599, 600 & n.1 (1979).

in the first degree, G. L. c. 265, § 2, is unconstitutional in light of the United States Supreme Court's decision in *Furman* v. *Georgia*, 408 U.S. 238 (1972). The single justice properly denied relief on Napolitano's complaint for declaratory judgment.

1. Napolitano's initial contention is that the decision of the single justice who acted as a gatekeeper pursuant to G. L. c. 278, § 33E, was arbitrary and capricious in denying him leave to appeal his claims that the jury instructions on reasonable doubt were erroneous and that he was denied the effective assistance of counsel. We shall not review this argument. The gatekeeper's decision is final and unreviewable. *Commonwealth* v. *Ambers*, 397 Mass. 705, 710-711 (1986). *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 742 (1986). It could not have been appealed to the full court, nor may it be collaterally attacked on the merits through a subsequent complaint for declaratory relief.[2]

2. Napolitano also maintains that he has been denied equal protection because other petitioners pursuant to G. L. c. 278, § 33E, have been granted leave by gatekeepers to appeal to the full court from the denial of their motions for a new trial. To support his claim, he cites sixteen reported full court decisions in cases that he claims are similar to his, in which the gatekeeper had granted a petition for leave to appeal or in which the gatekeeper had reserved and reported the petition to the full court. Napolitano contends that these other similarly situated petitioners have been authorized by gatekeepers to proceed to the full court, but that he singly has been denied such access.

Any similarities between Napolitano's case and the cases he cites are only general in nature. Although several of the cases involved alleged instructional errors and claims of ineffective assistance of counsel, they have little or no relation to the specific errors alleged by Napolitano in his case. Indeed, only two of the cases cited by Napolitano involved challenges to the use of moral certainty language in the instructions on reasonable doubt (the principal claim asserted by Napolitano in his case), and the jury charges in those cases were different from the charge in Napolitano's case. See *Commonwealth* v. *Ther-*

---

[2]Leave to appeal under G. L. c. 278, § 33E, is to be granted when, in the words of the statute, the single justice determines that the case "presents a new and substantial question which ought to be determined by the full court." In his memorandum denying leave to appeal, the single justice cited (and it can be inferred that he therefore knew and applied) the correct standard.

*rien,* 428 Mass. 607 (1998); *Commonwealth* v. *Pinckney,* 419 Mass. 341 (1995).

Moreover, by relying solely on reported cases of the full court (before the court because gatekeepers had allowed them to proceed), Napolitano fails to take into account the vast majority of cases in which petitions for leave to appeal to the full court are denied. Some of the latter cases concern issues similar to those raised by Napolitano: challenges to the use of moral certainty language in reasonable doubt instructions; challenges to other language in instructions implicating the Commonwealth's burden of proof beyond a reasonable doubt; and claims of ineffective assistance of counsel.

In sum, others who have raised the same general types of claims as Napolitano have not been authorized to appeal to the full court. Single justices decide gatekeeper petitions on a case-by-case basis, assessing whether the petition "presents a new and substantial question which ought to be determined by the full court." G. L. c. 278, § 33E.[3]

3. Napolitano also sought a declaration that G. L. c. 265, § 2, the statute under which he was sentenced to serve two concurrent life sentences, is unconstitutional. This court has rejected similar challenges, which have been based on an apparent misreading of *Furman* v. *Georgia, supra.* See, e.g., *Valliere* v. *Superintendent of Mass. Correctional Insts.,* 429 Mass. 1024 (1999); *Commonwealth* v. *Harrington,* 367 Mass. 13, 19-20 (1975). We stated in *Valliere* v. *Superintendent of Mass. Correctional Insts., supra* at 1025, that:

> "The jury had convicted the petitioner of murder in the first degree, thereby guaranteeing that he would be sentenced to no less than life imprisonment without parole. This court affirmed the conviction on appeal. By changing the death sentence to life imprisonment, this court did not infringe on any rights belonging to the petitioner. In effect, he ended up with the most lenient sentence he could have possibly received, given the convictions of murder in the first degree. The Legislature had already established life

---

[3]When he denied Napolitano's petition for leave to appeal, the gatekeeper had the benefit of several leading decisions in this area, and his ruling presumably was informed by those decisions. See *Victor* v. *Nebraska,* 511 U.S. 1 (1994); *Commonwealth* v. *Pinckney,* 419 Mass. 341 (1995); *Commonwealth* v. *Gagliardi,* 418 Mass. 562 (1994), cert. denied, 513 U.S. 1091 (1995).

imprisonment as the minimum possible sentence for a person convicted of that crime."

Similarly, no rights of this plaintiff have been infringed whatsoever by the life sentences imposed in the first instance by the trial judge.[4] There was no constitutional error.[5]

*Judgment affirmed.*

[4]By contrast, Napolitano's argument is even weaker than those raised in *Valliere* v. *Superintendent of Mass. Correctional Insts.*, 429 Mass. 1024 (1999), and *Commonwealth* v. *Harrington*, 367 Mass. 13 (1975), where death sentences were changed to imprisonment for life.

[5]The single justice correctly noted that the proper way for Napolitano to challenge the legality of his sentences was by way of a postconviction motion in the trial court. See *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999); *Commonwealth* v. *Ambers*, 397 Mass. 705, 710 n.6 (1986).