COMMONWEALTH *vs.* PAUL G. ROBINSON. May 24, 2002. *Practice, Criminal,* Instructions to jury, Reasonable doubt, Presumptions and burden of proof.

The defendant was convicted of murder in the first degree, and his convictions were affirmed on direct appeal. See *Commonwealth* v. *McGrath*, 358 Mass. 314 (1970). He has filed five motions for a new trial, in 1980, 1986, 1988, 1994, and 1999, all of which were denied. He petitioned for leave to appeal from the denial of each, except the 1986 motion. Leave to appeal was granted as to the 1988 motion, see *Commonwealth* v. *Robinson*, 408 Mass. 245 (1990) (denial of motion for new trial affirmed), and the 1999 motion, which is the subject of this appeal.

The defendant claims that the instruction on reasonable doubt at his trial was constitutionally defective because it lowered the Commonwealth's burden of proof (1) by equating proof beyond a reasonable doubt with the degree of certainty needed to make important private decisions, see *Commonwealth* v. *Ferreira*, 373 Mass. 116, 129 (1977), and (2) by warning the jury against holding the Commonwealth to too high a burden, see *Commonwealth* v. *Madeiros*, 255 Mass. 304 (1926), and by focusing their attention on the consequences of their verdict. See *Commonwealth* v. *Sheline*, 391 Mass. 279, 295 (1984). Passing on the question of waiver, see *Tyler* v. *Cain*, 533 U.S. 656, 667-668 (2001); *Commonwealth* v. *Watkins*, 433 Mass. 539, 547-548 (2001), the denial of his fifth motion for new trial is affirmed for reasons

decided today in *Commonwealth* v. *McGrath, ante* 46, 50-51 (2002).

*So ordered.*

*Stewart T. Graham, Jr.,* for the defendant.

*Rosemary Daly,* Assistant District Attorney, for the Commonwealth.