## COMMONWEALTH *vs.* RICHARD E. VALLIERE.

Hampden. May 8, 2002. - July 25, 2002.

Present: GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Postconviction relief, Sentence, Lesser included offense, Duplicative convictions, Capital case. *Waiver.*

A criminal defendant's claim that his armed robbery convictions merged with his convictions of murder in the first degree, as lesser included offenses, so that the armed robbery convictions and sentences should have been vacated, was waived because he had failed to raise the claim in two prior postdirect appeal motions, where the law pertaining to the defendant's claim was sufficiently developed at the time he first sought to have his sentences corrected, and where, at the time of his second attempt to correct his sentences, he did not address the issue of merger and did not request that his armed robbery convictions be dismissed. [370-373]

INDICTMENTS found and returned in the Superior Court on September 22, 1971.

Following review by this court, 429 Mass. 1024 (1999), a motion to correct sentence, filed on October 12, 1999, was heard by *Judd J. Carhart,* J.

A request for leave to appeal was heard by *Greaney,* J.

*Dianne M. Dillon,* Assistant District Attorney, for the Commonwealth.

*Charles K. Stephenson* for the defendant.

SPINA, J. A single justice of this court, acting pursuant to the gatekeeper provision in G. L. c. 278, § 33E, allowed the Commonwealth's application for leave to appeal from an order of a Superior Court judge allowing the defendant's third motion to correct illegal sentence filed in 1999. The judge who ruled on the defendant's motion opined that, because the defendant's armed robbery convictions merged with his convictions of murder in the first degree, as lesser included offenses, the armed robbery convictions and sentences should be vacated. We

conclude that the defendant's attack on his armed robbery convictions and sentences was waived because he failed to raise it in a prior postdirect appeal motion.[1] Therefore, the order allowing the defendant's motion to correct illegal sentence is reversed.

The facts of this case were set forth in detail in *Commonwealth* v. *Valliere*, 366 Mass. 479, 481-482 (1974). In brief, on January 11, 1971, a man entered a branch of the Springfield Institution for Savings in Chicopee, shot and killed two bank employees while they were lying face down on the floor, and took $4,655.16. Circumstantial evidence pointed to the defendant as the perpetrator. Following a jury trial, the defendant was found guilty of two counts of murder in the first degree and two counts of armed robbery while masked and disguised. He was sentenced to death on the murder convictions and was sentenced to from forty-five to sixty years on each of the armed robbery convictions.[2] The defendant filed a motion for a new trial that was denied. While his appeal was pending in this court, the United States Supreme Court decided *Furman* v. *Georgia*, 408 U.S. 238 (1972), which invalidated the type of procedure under which the defendant had been sentenced to death. This court affirmed the defendant's convictions following review pursuant to G. L. c. 278, § 33E, but, in light of *Furman*, vacated the death sentences and remanded for resentencing to imprisonment for life. See *Commonwealth* v. *Valliere, supra* at 497.

The defendant filed motions for a new trial in 1977, 1978, and 1980. The basis for these motions was newly discovered exculpatory evidence in the form of a police report that was allegedly not available to the defendant at trial. None of the mo-

---

[1]Our resolution of this issue makes it unnecessary to consider the second argument raised by the Commonwealth, namely that the Superior Court judge erred in allowing the defendant's third motion to correct illegal sentence because his two convictions of armed robbery while masked and disguised were not duplicative of his two convictions of murder in the first degree.

[2]The sentence on the first armed robbery conviction was to run concurrently with the two convictions of murder in the first degree. The sentence on the second armed robbery conviction was to run on and after completion of the sentence for the first armed robbery conviction.

tions involved the propriety of the defendant's sentences, and all were denied.

In 1981, the defendant filed a motion to correct sentence pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979).[3] The Commonwealth assented to the defendant's request that all his sentences run concurrently, and the motion was allowed. In 1994, the defendant filed a second motion to correct sentence pursuant to rule 30 (a). He claimed that this court did not have the authority to resentence him to life imprisonment because under G. L. c. 265, § 2, as it existed at the time of his convictions, it was the jury, not the court, that had the power to recommend a life sentence in place of execution. The motion judge declined to act on the motion because it had been filed twenty years after this court's decision in *Commonwealth* v. *Valliere, supra,* and because the defendant was essentially asking the Superior Court to overrule that decision. The defendant did not appeal.

In 1997, the defendant filed a petition for habeas corpus relief in the county court, relying on the same arguments that he had advanced in his 1994 motion to correct sentence and raising an additional claim that his armed robbery convictions should be vacated because they merged with his murder convictions. A single justice denied the petition, and the full court affirmed her

---

[3]The defendant had originally filed a request, in a letter to the Justices of this court, that his armed robbery sentences be ordered served concurrently with his life sentences for murder in the first degree. The defendant relied on *Commonwealth* v. *Stewart,* 375 Mass. 380 (1978), and *Commonwealth* v. *Wilson,* 381 Mass. 90 (1980), for the proposition that, because there was a possibility that he had been convicted under a felony-murder theory, a consecutive sentence could not be imposed for the underlying felony of armed robbery. A hearing was held before a single justice who framed the issue as whether "the sentences that were received for armed robbery should be wiped out because the . . . convictions on the murder indictments could have been and may in fact have to have been the result of a determination of felony murder." The Commonwealth responded that its position was "largely academic" because there was no possibility of the defendant's being paroled, and that it had no objection to concurrent sentences. The single justice suggested that the case could be remanded to the Superior Court for further proceedings. An order then issued appointing counsel to represent the defendant "for the purpose of seeking post conviction relief, including relief from the challenged sentences of armed robbery while masked."

order. See *Valliere* v. *Superintendent of Mass. Correctional Insts.*, 429 Mass. 1024 (1999).[4]

In 1999, the defendant filed a third motion to correct sentence pursuant to rule 30 (a), seeking to have his armed robbery convictions vacated on the ground that they merged with his convictions of murder in the first degree as lesser included offenses. The defendant's motion was allowed by a Superior Court judge.[5] The Commonwealth's motions for reconsideration, to reserve judgment, and to report questions of law pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), were denied.[6] However, the judge allowed the Commonwealth's motion for a stay pending a petition for leave to appeal pursuant to G. L.

---

[4]On procedural grounds, we declined to address the defendant's claim that his armed robbery convictions should be vacated as duplicative of his convictions of murder in the first degree because there was a possibility that the murder convictions were based solely on a felony-murder theory. *Valliere* v. *Superintendent of Mass. Correctional Insts.*, 429 Mass. 1024, 1025 (1999). However, we stated as follows: "[S]ince the record before us (which does not include the trial verdict slips) does not clearly indicate whether the jury specified a basis for the murder convictions aside from felony-murder, it is impossible to determine whether the [defendant's] argument is correct. . . . Moreover, because the [defendant's] request for habeas corpus relief is not properly before us, we could not vacate his armed robbery sentences in any event. The [defendant] may pursue this issue in the Superior Court through a motion under [Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979)]. He should accompany any such motion with sufficient documentation to enable the court to ascertain what bases for the murder conviction[s], if any, the jury specified." *Id.*

[5]In his memorandum of decision, the Superior Court judge noted that the file in this case did not include a trial transcript or jury verdict slips; rather, the two murder indictments had a clerk's notation that read "June 21—Verdict Guilty." The judge stated that his reading of the transcript of the 1981 hearing before a single justice led him to conclude that the justice had determined that the jury may have based the defendant's murder convictions on a felony-murder theory. The Superior Court judge's analysis of the facts led him to the same conclusion. He stated that there was no delineation as to which possible theory the jury had used to reach their verdicts. Because the two murder convictions and the two armed robbery convictions arose from a single incident, the jury may have reached their verdicts on the murder indictments on the basis of a felony-murder theory. As such, the judge concluded that the underlying felonies merged with the murder indictments and that the defendant was entitled to the relief he sought.

[6]The judge concluded that the defendant had not waived his claim that his armed robbery convictions were duplicative of his convictions of murder in the first degree because he had fully considered the defendant's arguments.

c. 278, § 33E. A single justice of this court allowed the Commonwealth's petition for leave to appeal.

The Commonwealth's present contention is that the judge erred in concluding that the defendant had not waived his claim that he was entitled to dismissal of his armed robbery convictions, as lesser included offenses that merged with his convictions of murder in the first degree, where the defendant had failed to request dismissal in earlier postdirect appeal motions. The Commonwealth argues that the law pertaining to the defendant's claim was sufficiently developed at the time he first sought to have his sentences corrected in 1981. Furthermore, the defendant's 1994 motion to correct sentence did not address the issue of merger and did not request that his armed robbery convictions be dismissed. This, the Commonwealth asserts, constituted a waiver of the defendant's claim. We agree.

The appeal of a postconviction motion arising from a conviction of murder in the first degree is governed by G. L. c. 278, § 33E.[7] See *Mains* v. *Commonwealth*, 433 Mass. 30, 32 (2000). "The statute requires that the defendant present all his claims of error at the earliest possible time, and failure to do so precludes relief on all grounds generally known and available at the time of trial or appeal." *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981). In such circumstances, the defendant's claims will be deemed waived. See *Lykus* v. *Commonwealth*, 432 Mass. 160, 163 (2000) (defendant's argument in third motion to correct illegal sentence that concurrent sentence for kidnapping was duplicative of sentence for murder in first degree waived because it could have been raised in earlier postconviction proceedings); *Commonwealth* v. *Ambers*, 397 Mass. 705, 707

---

[7]General Laws c. 278, § 33E, provides in relevant part: "If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court." See *Commonwealth* v. *Ambers*, 397 Mass. 705, 707 (1986); *Commonwealth* v. *Pisa*, 384 Mass. 362, 364 (1981). "The concept of novelty is stringently defined . . . when it comes to deciding whether a defendant should have anticipated some evolving doctrine and utilized the opportunities within the regular course of his proceedings to raise that claim." *Commonwealth* v. *Amirault*, 424 Mass. 618, 638 (1997). "The regular course of justice may be long, but it must not be endless." *Id.* at 637.

(1986). "This requirement is critical to achieve finality in the litigation of criminal cases and to assure that limited judicial resources are not consumed by claims that should have been raised earlier." *Rodwell* v. *Commonwealth*, 432 Mass. 1016, 1018 (2000). See *Commonwealth* v. *Amirault*, 424 Mass. 618, 640 (1997); *Commonwealth* v. *Pisa, supra* at 366-367.

The traditional rule in Massachusetts, as embodied in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), and its progeny, is that a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not. See *Commonwealth* v. *Buckley*, 410 Mass. 209, 222 (1991); *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981); *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-307 (1972). As long as each offense includes an element that the other does not, "neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative]." *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). At the same time, a court may examine whether the actions of a defendant were "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). In such cases, the defendant cannot properly be sentenced both for the more serious crime and the lesser included offense. See *Commonwealth* v. *Thomas*, 401 Mass. 109, 119-121 (1987) (indictment for indecent assault and battery dismissed where defendant convicted of rape). Cf. *Commonwealth* v. *Jones, supra* at 394 (although vehicular homicide not lesser included crime of manslaughter, two offenses were sufficiently closely related so as to preclude punishment on both).

In the early 1980's, we stated that "whenever the possibility exists that a jury might have reached a verdict of murder in the first degree on the basis of a felony-murder theory, a consecutive sentence may not be imposed for the underlying felony." *Commonwealth* v. *Wilson*, 381 Mass. 90, 124 (1980). The appropriate remedy for duplicative convictions, so as to prevent multiple punishments, is to vacate both the conviction and sentence on the lesser included offense, and to affirm on the

more serious offense. See *Commonwealth* v. *Crocker, supra* at 358 n.6. In *Commonwealth* v. *Jones, supra* at 395, this remedy was extended not only to duplicative convictions resulting in consecutive sentences, but also to duplicative convictions resulting in concurrent sentences for what amounted to the same offense. See *Commonwealth* v. *Atencio,* 12 Mass. App. Ct. 747, 752-753 (1981) (convictions of lesser included offenses of driving to endanger and driving while under influence of liquor set aside as duplicative of conviction of vehicular homicide).

We recognize that defense counsel need not be clairvoyant in order to avoid imposition of the doctrine of waiver. See *Commonwealth* v. *Amirault, supra* at 639. However, by the early 1980's, it was reasonably apparent in Massachusetts appellate decisions that convictions and sentences on lesser included offenses were to be vacated in favor of those on the more serious crimes. See *Commonwealth* v. *Jones, supra*; *Commonwealth* v. *Atencio, supra.* The defendant argues that his claim concerning the legality of his sentences for armed robbery did not become apparent until this court's decision in *Commonwealth* v. *Berry,* 420 Mass. 95, 113-114 (1995). In that case, we explicitly stated that, whenever a jury might have reached a verdict of murder on the basis of a felony-murder theory, a concurrent sentence for the underlying felony is duplicative and cannot be imposed. *Id.* The defendant's reliance on *Commonwealth* v. *Berry, supra,* as the first announcement of the underlying principle is without merit because our holding in that case was expressly based on our prior holdings in *Commonwealth* v. *Wilson, supra* at 124; *Commonwealth* v. *Crocker, supra* at 358 n.6; and *Commonwealth* v. *Jones, supra* at 395-396. All that *Commonwealth* v. *Berry, supra,* did was to take the previously announced requirement that duplicative lesser included offense convictions must be vacated (and not just disposed of by concurrent sentences) and apply it to the specific context of felony-murder convictions.

We conclude that, by 1994, when the defendant filed his second motion to correct sentence, the legal theory on which he now relies was sufficiently developed that his failure to bring the present claim in that motion constitutes a waiver. See *Commonwealth* v. *Watkins,* 433 Mass. 539, 544-547 (2001)

(defendant's attack on reasonable doubt instructions waived where he failed to raise claim in first postdirect appeal motion for new trial); *Lykus* v. *Commonwealth, supra* at 163; *Rodwell* v. *Commonwealth, supra* at 1018. See also *Commonwealth* v. *Burnett*, 428 Mass. 469, 473-474 (1998) (where theory on which defendant relied was foreshadowed by earlier case law, G. L. c. 278, § 33E, precluded further review because issue should have been raised at trial or on direct appeal). "[W]e have never held that only a holding on an issue squarely on point will suffice to invoke the doctrine of waiver." *Commonwealth* v. *Amirault, supra* at 643.

For the foregoing reasons, the order allowing the defendant's third postdirect appeal motion to correct sentence is reversed.

*So ordered.*