COMMONWEALTH *vs.* WILLIAM M. SHIPPS, JR. October 31, 2003. *Supreme Judicial Court,* Appeal from order of single justice. *Homicide. Practice Criminal,* Capital case, New trial.

William M. Shipps, Jr., was convicted on two indictments charging murder in the first degree. We affirmed the convictions. *Commonwealth* v. *Shipps*, 399

---

Mass. 820, 822 (1987). Following his convictions, he filed three motions seeking a new trial in the Superior Court, all of which were denied. See Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). Shipps sought leave from a single justice of this court, pursuant to G. L. c. 278, § 33E, to appeal from the ruling on the third motion. The single justice denied his application, citing Shipps's failure to demonstrate that the grounds for his third motion constituted new claims that could not have been raised earlier. Shipps appeals from the single justice's denial of leave to appeal.

Shipps has also filed a document before the full court entitled "Praecipe Pursuant to G. L. c. 211, § 4A (Last Paragraph), Seeking Clarification and Direction on Supreme Court Order." In that document, Shipps ostensibly seeks clarification of an order issued by this court in 1987, which treated a letter written by Shipps's father to the court, following the affirmance of Shipps's convictions, as a motion for a new trial and remanded the matter to the Superior Court. Shipps contends that the court's order was ambiguous, and that the letter should have been regarded as a motion for a new trial pursuant to Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979), not a motion for new trial pursuant to rule 30 (b). He also requests that this court "*Direct* the courts of the Commonwealth to *not* utilize the Court's Order of June 1, 1987, or the proceedings that followed . . . as a basis for waiver."

In substance, through both his appeal and his "praecipe," Shipps is seeking reversal of the single justice's denial of his petition for leave to appeal. Shipps raised the alleged ambiguity of the 1987 order before the single justice, who implicitly rejected the argument by determining that Shipps had waived the claims raised in his third motion for a new trial by not raising them earlier. See Mass. R. Crim. P. 30 (c), as appearing in 435 Mass. 1501 (2001). This court has repeatedly and consistently held that a gatekeeper's denial of leave to appeal under G. L. c. 278, § 33E, is final and unreviewable. See, e.g., *Lykus* v. *Commonwealth*, 423 Mass. 1012 (1996), cert. denied, 519 U.S. 1126 (1997); *Commonwealth* v. *Robinson*, 408 Mass. 245, 248 n.3 (1990), *S.C.*, 437 Mass. 1002, cert. denied, 537 U.S. 980 (2002); *Commonwealth* v. *Ambers*, 397 Mass. 705, 710-711 (1986); *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 742 (1986). Moreover, the single justice's decision may not be collaterally attacked on the merits, no matter how a defendant chooses to label his claim.[1] *Napolitano* v. *Attorney Gen.*, 432 Mass. 240, 241 (2000).[2]

*Appeal dismissed.*

The case was submitted on briefs.

*William M. Shipps, Jr.*, pro se.

*James A. Reidy*, Assistant District Attorney, for the Commonwealth.

---

[1]Shipps's citation to *Haberek* v. *Commonwealth*, 421 Mass. 1005 (1995), is unavailing; the circumstances present in that case are not present here.

[2]Shipps's various motions filed in connection with his appeal and "praecipe" are denied, either as moot or on their merits.