COMMONWEALTH *vs.* LUIS PEREZ. August 13, 2004. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence, Capital case. *Constitutional Law,* Sentence.

Luis Perez appeals from the denial by a single justice of this court of his application, pursuant to G. L. c. 278, § 33E, for leave to appeal from the denial of his most recent motion for a new trial. The Commonwealth has moved to dismiss the appeal, and we agree that it should be dismissed.

In 1973, a jury convicted Perez of murder in the first degree, among other offenses. The judge sentenced him to life imprisonment pursuant to G. L. c. 265, § 2. This court affirmed his conviction in *Commonwealth v. Perez,* 390 Mass. 308 (1983). Thirty years after his conviction, Perez now claims that his sentence was improper because the United States Supreme Court's decision in *Furman v. Georgia,* 408 U.S. 238 (1972) — decided the year before Perez was convicted and eleven years before this court reviewed and affirmed his conviction — nullified in its entirety the statute under which he was sentenced.

Perez's appeal suffers from two fundamental flaws. First, the decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is "final and unreviewable." *Napolitano v. Attorney Gen.,* 432 Mass. 240, 241 (2000), citing *Commonwealth v. Ambers,* 397 Mass. 705, 710-711 (1986), and *Dickerson v. Attorney Gen.,* 396 Mass. 740, 742 (1986). For this reason alone, his appeal must be dismissed. Second, this court has repeatedly rejected similar challenges to the validity of G. L. c. 265, § 2. See *Napolitano v. Attorney Gen., supra* at 243 ("no rights of this plaintiff have been infringed whatsoever by the life sentences imposed in the first instance by the trial judge"); *Valliere v. Superintendent of Mass. Correctional Insts.,* 429 Mass. 1024, 1025 (1999) ("By changing the death sentence to life imprisonment, this court did not infringe on any rights belonging to the petitioner. In effect, he ended up with the most lenient sentence he could have possibly received, given the convictions of murder in the first degree"); *Commonwealth v. Cassesso,* 368 Mass. 124, 125 (1975) ("With the invalidation of the death

penalty in discretionary circumstances, such as exist under the language of G. L. c. 265, § 2, the only remaining relevant permissible penalty is imprisonment for life. We arrive at this conclusion as matter of statutory construction. The jury have no remaining sentencing function. The judge must impose the sentence").

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Luis Perez,* pro se.

*Loretta M. Lillios,* Assistant District Attorney, for the Commonwealth.