NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11733

WILLIAM M. SHIPPS, JR.  vs.  DISTRICT ATTORNEY FOR THE NORFOLK DISTRICT.


July 6, 2015.


Declaratory Relief.  Practice, Criminal, Capital case, Sentence.


William M. Shipps, Jr., filed a complaint in the county court in 2014, pursuant to G. L. c. 231A, seeking a declaration that his sentences for murder in the first degree under G. L. c. 265, § 2, as amended by St. 1979, c. 488, § 2, which were imposed thirty years earlier, are unconstitutional.  A single justice of this court dismissed the complaint.  We affirm.

In 1984, Shipps was convicted of two indictments charging murder in the first degree and other crimes.  He was sentenced on the murder convictions to two consecutive life terms in State prison without the possibility of parole, and to four concurrent life terms on the remaining convictions.  Commonwealth v. Shipps, 399 Mass. 820 (1987).  Thereafter, Shipps filed three motions seeking a new trial in the Superior Court, all of which were denied.  Commonwealth v. Shipps, 440 Mass. 1018, 1019 (2003), cert. denied, 541 U.S. 910 (2004).  A single justice of this court denied leave to appeal from the ruling on the third motion, pursuant to the "gatekeeper" provision of G. L. c. 278, § 33E, and we dismissed Shipps's appeal from that ruling.  Id.

1.  In 2014, Shipps filed a complaint for declaratory relief in the county court, seeking a determination that the imposition of his sentence (indeed, any sentence at all) for his convictions of murder in the first degree violated the ex post facto and due process clauses of the United States Constitution because the sentencing statute applicable at the time of his offenses, G. L. c. 265, § 2, as amended by St. 1979, c. 488,

§ 2, provided for no penalty other than death, which by the time of his offenses had been ruled unconstitutional.  See District Attorney for the Suffolk Dist. v. Watson, 381 Mass. 648 (1980).  It is well established that declaratory relief ordinarily is not available in the context of pending criminal cases.  Id. at 659.  Similarly, a complaint seeking declaratory relief may not be used postconviction to avoid the gatekeeper provision of G. L. c. 278, § 33E, or to challenge the legality of a sentence by contesting the constitutionality of the statute under which the plaintiff (the defendant in the underlying criminal case) was sentenced.  Napolitano v. Attorney Gen., 432 Mass. 240, 242-243 (2000).  "[T]he proper way for [the plaintiff] to challenge the legality of his sentences was by way of a postconviction motion in the trial court."  Id. at 243 n.5.  See Commonwealth v. Ambers, 397 Mass. 705, 710 n.6 (1986).  "[N]o matter how a defendant chooses to label his claim," Commonwealth v. Shipps, 440 Mass. at 1019, and regardless of the procedural route employed, he may not "circumvent the gatekeeper provision by filing [an action] in the county court in the first instance."  Tyree v. Commonwealth, 449 Mass. 1034, 1034 (2007), cert. denied, 554 U.S. 926 (2008) (petition for writ of habeas corpus), citing Napolitano v. Attorney Gen., supra (declaratory judgment action).  This appeal does not present an extraordinary circumstance "justifying declaratory relief to prevent disruption of the orderly administration of criminal justice."  District Attorney for the Suffolk Dist. v. Watson, 381 Mass. at 660.  Contrast Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 657 n.5 (2013), S.C., 471 Mass. 12 (2015) (on reservation and report court considered constitutionality of sentence, noting constitutional significance and impact of case for administration of justice, in light of number of past, present, and future defendants whose sentences would be affected).

2.  The plaintiff would fare no better even if we were to consider his claims on the substantive merits, as did the single justice.  The single justice's memorandum of decision, which we accept, adequately and concisely addressed and rejected the plaintiff's meritless contention that persons, like him, who committed murder in the first degree between October 28, 1980 -- the date of our decision in District Attorney for the Suffolk Dist. v. Watson, supra -- and January 1, 1983 -- the effective date of G. L. c. 265, § 2, as amended by St. 1982, c. 544, § 3 -- are subject to no punishment at all for their offenses.

Judgment affirmed.

William M. Shipps Jr., pro se.

Marguerite T. Grant, Assistant District Attorney, for the Commonwealth.