COMMONWEALTH *vs.* JORGE RODRIGUEZ, SR. August 29, 2005. *Constitutional Law,* Confrontation of witnesses. *Witness,* Unavailability. *Evidence,* Unavailable witness, Testimonial statement. *Practice, Criminal,* Confrontation of witnesses, Instructions to jury.

Four police officers responded to a 911 call for a domestic disturbance at the defendant's residence. On arriving at the scene, two officers interviewed the defendant outside the home and the other two entered the home to speak to the parties inside.

The defendant stated he had encountered his son out walking without a jacket despite the winter weather, with a female friend, at a time when he was supposed to be home. The defendant pulled over his car, told his son to get in, and drove home. The defendant stated that he was angry and when they got home he did "slap his son a couple of times." That was the extent of the incident as he related it.

The son and the defendant's eighteen year old daughter were among those present in the home. The daughter was the person who had telephoned 911. The police officers observed their demeanor and examined the son for injuries. With the exception of a red mark between one and two inches in diameter on his lower back, the son had no marks, bruises, abrasions, swelling, or other injuries apparent at the time. The daughter and son both offered extensive details regarding the assault, including allegations that the defendant's actions went well beyond a couple of "slaps."

The son and daughter did not testify at trial for reasons unclear on the record before us. Neither were they available for pretrial cross-examination. The Commonwealth presented evidence exclusively through the testimony of two of the four responding officers. The large majority of the testimony involved the officers' recounting of the statements made to them by the son and daughter, which the judge had ruled admissible under the spontaneous utterances exception to the hearsay rule. The defendant properly preserved his objection to the admissibility of these statements, specifically citing the

confrontation clause of the Sixth Amendment of the United States Constitution. The defendant was convicted of assault and battery and timely filed this appeal. We transferred the case to this court on our own motion.

*Commonwealth* v. *Gonsalves, ante* 1, 9, 13 (2005), sets out the method to determine whether an out-of-court statement offered without benefit of confrontation is testimonial in nature and therefore subject to Sixth Amendment proscriptions. On these facts, we need only determine whether the statements were made in response to police interrogation, as that would make them per se testimonial. The son and daughter's statements were made in response to police questioning at a secure scene. The son had no apparent injuries and did not want emergency medical attention. Therefore, the statements were made in response to investigatory interrogation. As such, they were testimonial per se. The statements described the alleged assault and battery in detail, identifying the defendant as the perpetrator and providing the only account other than the defendant's as to how events transpired. Their admission at trial in the absence of the opportunity to cross-examine the declarants violated the confrontation clause. *Ante* at 9.

Our review of claimed constitutional errors that properly have been preserved is governed by the harmless beyond a reasonable doubt standard. See *Commonwealth* v. *Vinnie*, 428 Mass. 161, 163, cert. denied, 525 U.S. 1007 (1998). Under this standard, the burden shifts to the Commonwealth, see *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395, 399 (1975), to show that the wrongfully admitted evidence did not contribute to the verdicts. See *Commonwealth* v. *Peixoto*, 430 Mass. 654, 660 (2000). Given the overwhelming prejudicial impact of the admission of the out-of-court statements of the son and daughter in this matter, the Commonwealth did not meet this burden.

The defendant also alleges error regarding the jury instructions. The judge's sua sponte instruction that "no Massachusetts decision or statute grants parents or others the rights to use reasonable force in disciplining a child," while technically correct, may have misled the jury, as we have not addressed the issue directly one way or the other. See *Commonwealth* v. *O'Connor*, 407 Mass. 663, 668-669 (1990). The defendant's request for a jury instruction in his favor regarding the defense, based on the *O'Connor* case, will be best addressed on remand, with a complete record of whatever admissible evidence is presented in light of this opinion.

We need not reach the allegations of error regarding the Commonwealth's closing argument. The judgment is reversed, the verdict set aside, and the case is remanded for a new trial.

*So ordered.*

*Melissa P. White Ellis* for the defendant.

*Catherine Langevin Semel*, Assistant District Attorney (*Jana L. DiNatale*, Assistant District Attorney, with her) for the Commonwealth.

