COMMONWEALTH vs. MARK E. HURD (No. 1)
(and a companion case[1]).

No. 05-P-147.

Suffolk. December 12, 2005. - March 22, 2006.

Present: GRASSO, DREBEN, & BERRY, JJ.

*Controlled Substances. Reasonable Doubt. Practice, Criminal,* Instructions to jury, Reasonable doubt, Presumptions and burden of proof.

At a criminal trial, the judge's instructions on reasonable doubt did not violate the defendants' due process rights and were consistent with Massachusetts law. [789-793]

COMPLAINTS received and sworn to in the Boston Municipal Court Department on October 9, 2003.

The cases were tried before *Annette Forde*, J.

*Adam T. Narris* for Mark E. Hurd.

*Neil V. Golden* for Lesley St. Pierre.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. Mark E. Hurd and codefendant Lesley St. Pierre were convicted of the drug offenses set forth in the margin.[2] In his appeal, St. Pierre raises only one claim of error, which is also claimed by Hurd,[3] namely, that they were denied due

---

[1]Commonwealth vs. Lesley St. Pierre.

[2]St. Pierre and Hurd were convicted of distribution of "crack" cocaine (G. L. c. 94C, § 32A), and distribution in a school zone (G. L. c. 94C, § 32J). Hurd also was convicted of possession with intent to distribute a class B substance, crack cocaine (G. L. c. 94C, § 32A), and committing a drug violation in a school zone (G. L. c. 94C, § 32J).

[3]Hurd raises numerous other arguments that we considered and rejected in a memorandum and order pursuant to rule 1:28 also issued this day. *Commonwealth* v. *Hurd (No. 2), post* 1124 (2006). The facts leading to the convictions of both defendants are set forth in that memorandum. The detailed statement of facts in the memorandum is not necessary to the resolution of the

process because the judge's instructions on reasonable doubt impermissibly lowered the Commonwealth's burden of proof. We reject the claim and affirm the convictions.

1. The jury were instructed as to reasonable doubt as follows:

> "Now, what is proof beyond a reasonable doubt? On one hand it is not enough for the Commonwealth to establish a probability[,] even a strong probability, that a defendant may be guilty. More likely guilty than not guilty. On the other hand, proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty. And in criminal cases the law does not require proof that overcomes ever[y] possible doubt.

> "If based on your consideration of the evidence you think there is a real possibility that the defendants are not guilty of one of the counts or all of the counts or any of the counts then you must give that defendant the benefit of the doubt and find him not guilty. If however you are firmly convinced of that defendant's guilt, of the crime charged in this case, you must find that defendant guilty.

> "A charge is proved beyond a reasonable doubt if after you have considered and compared all of the evidence you have in your minds an abiding conviction to a moral certainty that the charge that you are considering is true."

The foregoing definition of reasonable doubt is almost verbatim that recommended in the Federal Judicial Center's Pattern Criminal Jury Instructions, Instruction 21 (1988), with an addition of a paragraph containing some of the *Webster* language. See *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). Instruction 21 is reproduced in the margin.[4]

The defendants' specific objections are (1) the phrase "[p]roof

---

reasonable doubt instruction issue addressed in this opinion.

[4]"Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the

beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt" understates the degree of certainty required for a criminal conviction; and (2) the phrase "real possibility that the defendants are not guilty" puts the burden of proof on the defendants and establishes too high a threshold of doubt as to the defendants' guilt. While recognizing that the last paragraph of the judge's instruction contains a portion of the *Webster* charge,[5] they claim the charge as given eliminates important language that emphasizes the high degree of certitude required and substitutes other language that establishes a lower threshold for conviction.

The difficulty with the defendants' argument is that the decision in *Victor* v. *Nebraska,* 511 U.S. 1 (1994), supports the pattern charge and thus refutes the defendants' due process claims. The majority does so implicitly, *id.* at 16-17, and Justice Ginsburg in her concurrence, *id.* at 27 (Ginsburg, J., concurring), does so explicitly.

In *Victor* v. *Nebraska, supra,* the defendants challenged the use of the phrase "moral certainty" that was contained in the instructions to their respective juries. *Id.* at 10, 21. After tracing the historical meaning of the phrase, and noting that it had changed since it was used in the *Webster* instruction, the United States Supreme Court explained that the problem is that "a jury might understand the phrase to mean something less than the very high level of probability required by the Constitution in criminal cases." *Id.* at 14. Although the Supreme Court upheld both convictions, it stated that "we do not condone the use of the phrase. . . . Indeed, the definitions of reasonable doubt most widely used in the [Federal] courts do not contain any reference to moral certainty. See Federal Judicial Center, Pattern Criminal Jury Instructions 28 (1988); 1 E. Devitt & C. Black-

---

evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty." Federal Judicial Center, Pattern Criminal Jury Instructions, Instruction 21 (1988).

[5]In *Commonwealth* v. *Webster,* 5 Cush. at 320, Chief Justice Shaw stated that reasonable doubt, inter alia, "is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

mar, Federal Jury Practice and Instructions § 11.14 (3d ed. 1977)." *Id.* at 16-17. The reference to 28 is a reference to page 28 where Instruction 21 appears. See note 4, *supra*, setting out the text of Instruction 21.

It is thus obvious that Instruction 21 on reasonable doubt (which does not contain the *Webster* language) complies with due process. Indeed, that instruction, which was the basis for the charge in the present case, was described by Justice Ginsburg in her concurring opinion, see *Victor* v. *Nebraska, supra* at 26 (Ginsburg, J., concurring), as "clear, straightforward, and accurate." After setting forth the text of Instruction 21, she added, *id.* at 27:

> "This instruction plainly informs the jurors that the prosecution must prove its case by more than a mere preponderance of the evidence, yet not necessarily to an absolute certainty. The 'firmly convinced' standard for conviction, repeated for emphasis, is further enhanced by the juxtaposed prescription that the jury must acquit if there is a 'real possibility' that the defendant is innocent. This model instruction surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly."

In her concurrence, Justice Ginsburg, by expressly commending the language challenged here by the defendants, clearly rejected the two points raised by them. In view of her strong support of the language of Instruction 21, and the reference by the majority opinion to it as one of the "most widely used in the [Federal] courts," *id.* at 16, the defendants' complaint that the instruction (almost verbatim to that of Instruction 21) violated their Federal due process rights is plainly without merit.

2. Moreover, the *Victor* Court also specifically held that an instruction similar to the last paragraph of the reasonable doubt charge given here passes muster as a sufficient instruction on reasonable doubt. In upholding the conviction in defendant Sandoval's case (one of the two cases before it), the Supreme Court noted that while the term "moral certainty" in the abstract is ambiguous, the trial judge had lent "content to the phrase" by also telling the jury that they must have "an abiding conviction,

to a moral certainty, of the truth of the charge." *Id.* at 14. The Supreme Court reasoned: "An instruction cast in terms of an abiding conviction as to guilt, without reference to moral certainty, correctly states the government's burden of proof. . . . [T]he reference to moral certainty, in conjunction with the abiding conviction language, 'impress[ed] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.' *Jackson* v. *Virginia,* 443 U.S. [307, 315 (1979)]." *Id.* at 14-15.[6]

Thus, quite apart from the approval of the language of Instruction 21, the last paragraph of the reasonable doubt charge in the present case, which is almost identical to the language approved of in Sandoval's case, withstands any due process attack.

3. In *Victor* v. *Nebraska, supra,* the Supreme Court noted that despite its view of the term "moral certainty," the Court has no supervisory power over the State courts. It acknowledged that the phrase "moral certainty," when adequately explained and not used alone, does not render an instruction unconstitutional. *Id.* at 16-17. Our courts have continued to favor the *Webster* instruction despite the term "moral certainty," and have held that "[u]nless the judge uses those words in isolation," there is no problem with the use of the term "as part of or in conjunction with the approved charge from *Commonwealth* v. *Webster.*" *Commonwealth* v. *Beldotti,* 409 Mass. 553, 562 (1991). See *Commonwealth* v. *Pinckney,* 419 Mass. 341, 344-345 (1995).

In *Commonwealth* v. *Therrien,* 428 Mass. 607, 610-611 (1998), another case in which the defendant claimed that the language "moral certainty" failed to state the high degree of certainty required, the court discussed the language that lent content and meaning to the phrase in *Victor,* and also pointed to two Massachusetts cases where insufficient content had been given. The court noted: "we stressed that 'moral certainty' language must be explained adequately." That sentence was followed by a footnote that quoted the text of Instruction 21, the

---

[6]The other case before the Supreme Court involved defendant Victor. In his case, the Court pointed out that "[i]nstructing the jurors that they must have an abiding conviction of the defendant's guilt does much to alleviate any concerns that the phrase 'moral certainty' might be misunderstood in the abstract." *Id.* at 21.

instruction referred to by the majority in *Victor* and commended by Justice Ginsburg in her concurrence. *Commonwealth* v. *Therrien*, 428 Mass. at 611 & n.5. By citing Instruction 21, the Supreme Judicial Court intended, we believe, to give an approved example of an adequate explanation of the "moral certainty" language.

In sum, the instructions given in this case did not violate the defendants' due process rights and were consistent with Massachusetts law.

*Judgments affirmed.*