COMMONWEALTH *vs.* HECTOR LEBRON. No. 05-P-838. April 21, 2006. *Practice, Criminal,* Instructions to jury, Reasonable doubt, Presumptions and burden of proof. *Reasonable Doubt. Words,* "Moral certainty."

The defendant was convicted of violating a restraining order, pursuant to G. L. c. 209, § 3B. Following the trial judge's instructions to the jury, defense counsel specifically objected to the judge's failure to give the full reasonable doubt charge as stated in *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850).

---

On appeal, the defendant argues that (1) the trial judge's allegedly deficient instructions on reasonable doubt violated his due process rights; and (2) the defendant's right to a fair trial was compromised.

"In reviewing a reasonable doubt instruction, we consider whether there is a 'reasonable likelihood' that the instruction led the jury to believe that they could convict the defendant on proof insufficient to dispel reasonable doubt." *Commonwealth* v. *Denis*, 442 Mass. 617, 621 (2004). We view the instructions as a whole to see whether they properly conveyed the concept of reasonable doubt to the jury. *Commonwealth* v. *Pinckney*, 419 Mass. 341, 342 (1995).

The Supreme Judicial Court recommends that trial judges use the language found in *Commonwealth* v. *Webster, supra*, when explaining reasonable doubt to the jury.[1] See *Commonwealth* v. *Gerald*, 356 Mass. 386, 390 (1969). However, there is no requirement that judges use any particular words in their jury instructions. *Commonwealth* v. *James*, 424 Mass. 770, 788 (1997). If the explanation by a judge is "wholly consistent with [the *Webster* language] and not in any sense prejudicial," there is no error. *Commonwealth* v. *Gerald, supra*.[2]

The defendant argues that because the five crucial elements of the *Webster* charge were essentially excluded from the judge's instructions on reasonable doubt, the jury instructions, when viewed as a whole, failed to explain adequately reasonable doubt. As a result, the defendant contends, the jury were allowed to convict him on a lower standard of proof. Although the judge only used part of the *Webster* charge, she included, almost verbatim, the definition of reasonable doubt recommended in the Federal Judicial Center's Pattern Criminal Jury Instructions, Instruction 21 (1988).[3] See *Commonwealth* v. *Therrien*, 428 Mass. 607, 611 n.5 (1998).

We recently held in *Commonwealth* v. *Hurd (No. 1)*, 65 Mass. App. Ct. 788, 791 (2006), that "Instruction 21 on reasonable doubt (which does not

---

[1] In *Commonwealth* v. *Webster, supra*, reasonable doubt was described as "that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

[2] We note that when trial judges fail to adhere strictly to the *Webster* language in their reasonable doubt charges, they create appellate issues unnecessarily. See *Commonwealth* v. *Caramanica*, 49 Mass. App. Ct. 376, 378 n.2 (2000), quoting from *Commonwealth* v. *Burke*, 44 Mass. App. Ct. 76, 81 (1977) ("Absent extraordinary circumstances, even experienced judges would be wise to refrain from embellishing the text of an approved instruction, especially '[w]here issues as important as reasonable doubt are concerned' ").

[3] Instruction 21 states in relevant part:

> "Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty."

contain the *Webster* language) complies with due process." Instruction 21, in and of itself, is sufficient to constitute a proper reasonable doubt charge. *Ibid.* Moreover, the judge's instruction included most of the language from *Webster* as well, thereby leaving no valid basis for error.

The only significant change the judge made to Instruction 21 was reversing the last two sentences. Otherwise, the instruction was essentially the same. The judge, however, did misspeak during the instruction, saying that "in criminal cases the law does not require proof beyond, that overcomes every possible doubt." The language in Instruction 21 omits the word "beyond." Even if this were error, it would be "harmless beyond a reasonable doubt," the standard of review when there is a preserved claim of a constitutional error. *Commonwealth* v. *Rodriguez,* 445 Mass. 1003, 1004 (2005). See *Commonwealth* v. *Lucien,* 440 Mass. 658, 669 (2004) ("reasonable juror would have understood that the judge's misstatement was a slip of the tongue"). In short, the judge's instructions were more than sufficient on reasonable doubt.

The defendant insists that the judge failed to convey properly that the burden lies with the Commonwealth to prove guilt, and that the defendant is presumed innocent. See *Commonwealth* v. *Gagliardi,* 418 Mass. 562, 568-569, cert. denied, 513 U.S. 1091 (1995). However, the language that preceded the judge's instruction on reasonable doubt clearly conveyed this information to the jury. The judge stated:

> "Th[e] presumption of innocence is a rule of law that requires you to find the Defendant not guilty unless and until the Commonwealth has produced evidence from whatever source that proves the Defendant is guilty beyond a reasonable doubt. The burden of proof never shifts. . . . The presumption of innocence stays with the Defendant unless and until the evidence convinces you the jury unanimously as a jury that the Defendant is guilty beyond a reasonable doubt."

This instruction adequately sets out the burden of proof and where the presumption lies. We discern no error.

The defendant further questions the judge's failure to explain adequately the term "moral certainty," as it was used in the instruction. Again, we review to see whether a reasonable juror might have used this instruction incorrectly. *Commonwealth* v. *Therrien, supra* at 609. " '[M]oral certainty' language must be explained adequately." *Id.* at 611. Viewing the instructions as a whole, " 'moral certainty' language, if used with language which lends content and meaning to the phrase, is not reversible error." *Id.* at 610. As long as an additional instruction is given that "impress[es] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused," there is no error. *Commonwealth* v. *Pinckney,* 419 Mass. at 344. The judge here used the moral certainty language as follows: "A charge is proved beyond a reasonable doubt if after you have considered and compared all of the evidence you have in your minds an *abiding conviction* to a moral certainty *that the charge is true*" (emphasis added). The words "abiding conviction," as well as qualifying "moral certainty" with the language "that the charge is true," are sufficient to explain adequately "moral certainty." *Commonwealth* v. *Hurd, supra* at 792 (reference to moral certainty, when used in conjunction with abiding conviction as to guilt language, is sufficient to withstand a due process

attack). Coupled with a correct definition of reasonable doubt, the instruction, as a whole, contained no error and adequately defined "moral certainty" so as not to create confusion. See *Commonwealth* v. *Gagliardi, supra* at 571-572; *Commonwealth* v. *Therrien, supra* at 611-612.

To the extent we do not discuss the arguments made by the defendant pertaining to fair trial (viz., that his right to offer testimony was denied, and that the victim lied about being abused), they "have not been overlooked. We find nothing in them that requires discussion." *Commonwealth* v. *Domanski,* 332 Mass. 66, 78 (1954). We merely need to mention that credibility determinations are in the purview of the fact finder, see, e.g., *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 411 (1978), and it is the judge's function to ensure the trial moves forward in an orderly and timely manner. See, e.g., *Guardianship of Brandon,* 424 Mass. 482, 496 (1997). See also Lummus, The Trial Judge 19-21 (1937). In short, nothing has been made to appear that would cause us to conclude the judge erred in any respect.

*Judgment affirmed.*

*Christina E. Miller,* Assistant District Attorney, for the Commonwealth.

*Ilse Nehring* for the defendant.