In 1996 the defendant, Frank M. Robinson, was convicted of kidnapping and felony-murder in the second degree on the basis of the underlying kidnapping. He appealed from his convictions and, in a published opinion, we affirmed the felony-murder conviction but vacated as duplicative the underlying kidnapping conviction. Commonwealth v. Robinson, 48 Mass. App. Ct. 329, 341-342 (1999) (Robinson I ). The defendant is now before us on an appeal from the denial of a motion for a new trial. He raises two challenges. He asserts that the evidence of the kidnapping was insufficient and, therefore, that the felony-murder conviction must be vacated. He also claims that the judge's reasonable doubt instruction was too long and confusing, requiring reversal. Because we do not revisit matters in the same case that have been properly addressed and resolved in the direct appeal, and we also do not visit matters that could have been raised in a prior appeal, we affirm.
Background. On direct appeal the defendant argued, among other things, that there was "insufficient evidence to show that the homicide was separate from the kidnapping." Robinson I, supra at 333. After several failed attempts to vacate the conviction,[2] in 2015 the defendant filed the new trial motion at issue here. It was denied, and this appeal followed.
Discussion. New trial motion. We review the denial of a motion for new trial for abuse of discretion. Commonwealth v. Moore, 408 Mass. 117, 125 (1990).
a. Sufficiency of the evidence. The defendant asserts there was insufficient evidence to support the conviction of kidnapping which forms the basis of the felony-murder conviction. In our view, because this issue was litigated, decided, and essential to the defendant's final conviction of felony-murder, see Commonwealth v. Rodriguez, 443 Mass. 707, 709-710 (2005), he is estopped from raising the issue in the motion and on appeal.
In the criminal context, direct estoppel applies when (1) a defendant has litigated an issue in his case; (2) the issue was determined; (3) resolution of the issue was essential to a valid final conviction; and (4) the defendant raises the same issue in the same case. Ibid. These four factors are present here.
There is no question that this appeal pertains to the same felony-murder conviction we reviewed in Robinson I. Further, in that appeal the defendant contended that the felony-murder conviction could not stand because "there was insufficient evidence to show that the homicide was separate from the kidnapping."[3] Robinson I, supra at 333. That question required us to review "the conduct which constitute[d] the felony," id. at 334, that is, the conduct in support of all the elements for a kidnapping. See ibid. (considering that "[t]he crime of kidnapping requires the Commonwealth to prove that the defendant forcibly or secretly confined or imprisoned another within the Commonwealth against his will. G.L.c. 265, § 26").
We concluded that "[v]iewing the evidence in the light most favorable to the Commonwealth, the evidence showed that, after the defendant lured the victim into the backyard, he threatened him with a gun as the victim begged for his life. Karla Hayes placed a rope around the victim's neck, and the defendant hit the victim with the gun, rendering him unconscious. At that point, the defendant had forcibly confined the victim against his will."Ibid. We concluded that there was sufficient evidence of kidnapping. Accordingly, we decline to review the issue again here.
b. Reasonable doubt charge. The defendant also raises a challenge to the judge's reasonable doubt instruction. We see no reason why this claim could not have been raised in the defendant's direct appeal. The defendant does not base the challenge on new law or facts. Rather, he simply contends that the instruction was too long and confusing. A claim is waived when a "defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief." Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000). The length and content of the instruction were known and available to the defendant at the time of his direct appeal. Therefore, he cannot raise the issue at this juncture; it is waived.
In any event, the defendant would fare no better even if we were to address the issue on its merits. The bulk of the judge's reasonable doubt instruction tracked the traditional language of Commonwealth v. Webster, 59 Mass. 295, 320 (1850). The additional language inserted by the judge, for the reasons discussed in the Commonwealth's brief at pages 17 through 21, was also "wholly consistent" with Webster. Commonwealth v. Lebron, 66 Mass. App. Ct. 907, 908 (2006), quoting from Commonwealth v. Gerald, 356 Mass 386, 390 (1969). While the Supreme Judicial Court recently retired the Webster charge, it did not do so retroactively. Commonwealth v. Russell, 470 Mass. 464, 478 (2015). Contrary to the defendant's position, there is no impropriety or abuse of discretion with a judge spending additional time properly instructing on reasonable doubt.
Order denying motion for new trial affirmed.

These attempts included an unsuccessful appeal to this court from the denial of a motion for new trial, Commonwealth v. Robinson, 78 Mass. App. Ct. 1109 (2010) (unpublished), and a Federal petition for a writ of habeas corpus, which was denied. Robinson v. Maceachern, 2013 U.S. Dist. LEXIS 11596 (D. Mass. 2013).

"[F]or a felony-murder conviction there must be a felony independent of the homicide." Robinson I, supra at 334, quoting from Commonwealth v. Quigley, 391 Mass 461, 465 (1984), cert. denied, 471 U.S. 1115 (1985).